IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV44-01-MU

JOHN R. ALLEN, )
 )
    Plaintiff, )
 )
v. )
 ) **O R D E R**
JIMMY HATLEY, <u>et al.</u>, )
 )
    Defendants. )
_____)

**THIS MATTER** comes before the Court on Defendant Hall's Motion for Summary Judgment, filed March 22, 2006; and Plaintiff's Motion for Production of Documents, filed April 20, 2006 .

For the reasons provided herein, Defendant Hall's Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED.[1]

## **FACTUAL BACKGROUND**

In his Complaint Plaintiff alleges that on July 29, 2004, while he was standing in a holding cell awaiting a transfer to another facility, Defendant Hatley, a correctional officer, entered the holding cell and ordered him to sit down. Plaintiff admits that he did not comply with this order. Plaintiff alleges that when he did not comply with Defendant Hatley's order, Defendant Hatley grabbed him by the handcuffs and struck him in the face a number of times

---

[1] The Court notes that Defendants Dail and Hatley have not yet been successfully served. However, because the evidence and arguments advanced by Defendant Hall serve to establish that Plaintiff has not established a claim against any of the Defendants, this Court dismisses the entire Complaint.

with his hands and once in the mouth with his radio. Plaintiff contends that he then bit Defendant Hatley on his chest in an effort to protect himself. Plaintiff alleges that in response Defendant Hatley and Defendant Dail, another correctional officer, forced him to the concrete floor. Plaintiff also alleges that Defendant Hall, a correctional officer, grabbed him by the neck and punched him in the face. Plaintiff asserts that he lost consciousness.

For relief, Plaintiff seeks a minimum of 1.5 million and a maximum of 6 million in damages.

## LEGAL ANALYSIS

In order to state an excessive force claim under the Eighth Amendment,[2] a plaintiff must establish that he received more than a *de minimus* injury. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc). The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

---

[2] Given the fact that the Plaintiff was a convicted felon at the time of the alleged incident, his excessive force claim is governed by the Eighth Amendment.

Immediately after the incident in question, Plaintiff was examined by nurse Donna Byrd. When Nurse Byrd arrived at the receiving area she noted that Plaintiff had blood on the left side of his face and hands and that he had a one-quarter inch laceration on his right inner upper lip. (Byrd Aff. ¶ 5). Nurse Byrd did not observe any other lacerations, swelling, or abrasions elsewhere on Plaintiff's body. (Byrd Aff. ¶ 5). Nor did she observe any broken teeth. (Byrd Aff. ¶ 5). After examining Plaintiff, Nurse Byrd gave Plaintiff an ice pack and Neosporin ointment for his injuries and recommended that Plaintiff receive follow-up treatment at his next facility. (Byrd Aff. ¶ 5). Plaintiff was then transferred to Warren Correctional Institution.

Upon arriving at Warren Correctional Institution, Plaintiff advised medical personnel that he had been attacked at Lanesboro Correctional. Debra Simmons, a nurse, examined Plaintiff. At the outset of his examination, Plaintiff explained to nurse Simmons that he had been hit by a correctional officer prior to his transfer to Warren Correctional. He complained of pain in his left wrist, left ankle, and upper top lip. (Simmons Aff. ¶ 5). During the course of Plaintiff's examination, nurse Simmons observed that Plaintiff was walking upright, was not limping, and was smiling and talking with other staff members. (Simmons Aff. ¶ 5). Upon examination, she determined that Plaintiff's left wrist was swollen but his radial pulse was strong and he was able to bend and extend his fingers. (Simmons Aff. ¶ 5). Nurse Simmons also noted that, while Plaintiff's outer left ankle was swollen, the pulse in the ankle was strong, there was no discoloration, and that Plaintiff was able both to flex his foot and to bear weight on it. (Simmons Aff. ¶ 5). Plaintiff was prescribed an ice pack, an extra pillow to elevate his left foot, and an ace bandage for his ankle, as well as a salt water gargle for the cut on his inner lip. (Simmons Aff. ¶ 5). Plaintiff was also referred to the staff physician for further evaluation. On August 4, 2004,

the staff physician ordered x-rays of Plaintiff's ankle. The x-rays revealed no fractures, dislocations, or other abnormalities. (Simmons Aff. ¶ 6 and Ex. D). Plaintiff's only request for treatment after the x-rays was made on September 5, 2004, when he complained of numbness in two of his fingers on his right hand.[3] Plaintiff attributed the numbness to the July 29, 2004, altercation. Neither nurse Byrd nor nurse Simmons considered those alleged symptoms to be attributable to the July 29, 2004, incident. (Byrd Aff. ¶ 8; Simmons Aff. ¶ 8).

Both parties agree that an altercation occurred on July 29, 2004, which was precipitated by Plaintiff's refusal to obey a direct order and in which Defendants used force against Plaintiff and Plaintiff used force against Defendants. Even taking Plaintiff's version of the events as true, he simply cannot establish that he suffered anything more than a de minimus injury. In making this determination the Court relies on medical affidavits and prison medical. See Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998)(relying on plaintiff's medical records for analysis of type and extent of plaintiff's injuries); see also Norman v. Taylor, 25 F.3d at 1263-64 (relying on plaintiff's medical records and affidavit of prison official to refute plaintiff's claims of injury and their severity).

A review of Plaintiff's contemporaneous medical records do not support his assertion that Defendant's actions rendered him unconscious. Immediately after the incident, Plaintiff made no mention whatsoever about losing consciousness. Nor did Plaintiff mention this fact to the nurse at Warren Correctional.

---

[3] Nowhere in his Complaint or his response to Defendant Hall's Motion for Summary Judgment does Plaintiff complain of numbness in his right hand.

4

Plaintiff alleges that he suffered a swollen face, a swollen wrist and right hand[4] and left ankle and foot. (Compl. p. 3). Plaintiff makes no other allegations with regard to his injuries. Defendant Hall does not disagree that Plaintiff's left side of his face was swollen, that his ankle and hand were swollen, and that he had a 1/4 inch laceration on his inner lip. Defendant Hall has, however, submitted contemporaneous medical documents that support the conclusion that Plaintiff's injuries were de minimus. Nurse Simmon's contemporaneous observations at the time support such a conclusion – she noted that the pulses in his joints were strong and he was able to flex his foot as well as bend and extend his fingers. In addition she noted that Plaintiff was able to walk upright, could bear weight on his left ankle, and was smiling and talking. Moreover, the treatments prescribed for Plaintiff support such a conclusion – an ice pack Neosporin, an extra pillow, an ace bandage, and a salt water gargle. Likewise, x-rays of Plaintiff's ankle were negative.

Given the lack of evidence to support a finding that Plaintiff's injuries were anything more than de minimus, Plaintiff's claim fails as a matter of law. See Riley, 115 F.3d at 167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with

---

[4] The Court notes that Plaintiff's medical records indicate that at the time of his injury he complained that his left wrist was injured.

such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury); Norman v. Taylor, 25 F.3d 1259, 1264-65 (4th Cir. 1994)(en banc)(plaintiff's claim failed as a matter of law where medical records did not support plaintiff's claim of injury or psychological harm), cert. denied, 513 U.S. 1114 (1995); Gray v. Jones, 129 F.3d 116 (4th Cir. 1997)(same); Williams v. Dehay, 81 F.3d 153 (4th Cir. 1996)(same).

Furthermore, this Court does not find that the actions allegedly taken by the Defendants constituted force that was "diabolic," "inhumane," or repugnant to the conscience of mankind. Nor did the alleged pain itself constitute more than a de minimus injury. Plaintiff thus fails to allege extraordinary circumstances sufficient to sustain his claim after a finding of de minimus injury.

## MOTION FOR PRODUCTION OF DOCUMENTS

Plaintiff has filed a motion requesting that the Court order Defendant Hall to produce various disciplinary and medical documents. Plaintiff does not specifically state why such documents are necessary to a ruling on his case. This Court does not believe that such documents would have any impact on the analysis set forth above. Consequently, Plaintiff's Motion for Production of Documents is denied.

**THEREFORE, IT IS HEREBY ORDERED that**:

1. Defendant Hall's Motion for Summary Judgment is **GRANTED;**

2. Plaintiff's Complaint is **DISMISSED**; and

3. Plaintiff's Motion for Production of Documents is **DENIED**.

Signed: May 2, 2006

Graham C. Mullen
United States District Judge